UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JUDY E. FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-216-HBG |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and the consent of the parties [Doc. 19]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. Judy E. Freeman ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On April 5, 2012, the Plaintiff filed an application for supplemental security income ("SSI"), claiming a period of disability which began July 2, 2011. [Tr. 155]. After her application was denied initially and upon reconsideration, the Plaintiff requested a hearing. [Tr. 81]. On January 24, 2014, a hearing was held before the ALJ to review determination of Plaintiff's claim. [Tr. 27-47]. On April 10, 2014, the ALJ found that the Plaintiff was not disabled. [Tr. 11-26]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-5]; thus, the decision of the ALJ became the final decision of the Commissioner.

Having exhausted her administrative remedies, the Plaintiff filed a Complaint with this Court on May 20, 2015, seeking judicial review of the Commissioner's final decision under Section 205(g) of the Social Security Act. [Doc. 2]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## I. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since April 5, 2012, the application date (20 CFR 416.971 et seq.).
>
> 2. The claimant had the following severe impairments: status post multiple cerebral infractions, low back pain, avascular necrosis of the left hip (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and carry and push and pull 20 pounds occasionally and 10 pounds frequently with the exception of frequently left lower extremity pushing and pulling. With normal breaks in an 8-hour day, she can sit for 6 hours, stand and/or walk for 2 hours; she can never climb ladders, ropes, and scaffolds; she can occasionally climb ramps and stairs; she can occasionally balance, stoop, kneel, crouch, and crawl; she can tolerate occasional exposure to extreme cold and heat; and she should avoid moderate exposure to hazards.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on January 21, 1964 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has a limited education and is able to

communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 5, 2012, the date the application was filed (20 CFR 416.920(g)).

[Tr. 16-22].

## II. DISABILITY ELIGIBILITY

This case involves an application for SSI benefits. To qualify for SSI benefits, an individual must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied

3

for work.

42 U.S.C. § 1382c(a)(3)(B); see also 20 C.F.R. § 4015.905(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Id. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial

4

evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**IV.    POSITIONS OF THE PARTIES**

On appeal, the Plaintiff argues that the ALJ erred at step five of the sequential evaluation when he concluded that other work existed in the national economy that the Plaintiff could perform given her residual functional capacity ("RFC"). [Doc. 15 at 3]. While the Plaintiff agrees that the ALJ's RFC determination is supported by substantial evidence, the Plaintiff disagrees with the ALJ's finding that the RFC corresponds with an ability to perform light work. [Id.]. Specifically, the Plaintiff contends that her restriction to walking and standing no more than two hours in an eight-hour workday conflicts with the requirements of light work and, instead, falls within the definition of sedentary work. [Id. at 3-4]. As a result of misclassifying the Plaintiff's exertional level, the Plaintiff argues that the ALJ incorrectly applied the Medical-Vocational Guidelines ("the grids") by concluding that the grids directed a finding of "not disabled" due to an "ability" to perform light work. [Id. at 3].

The Commissioner submits that the only issue before the Court is whether the ALJ properly relied on vocational expert testimony in concluding that other work existed that the Plaintiff was cable of performing given her RFC. [Doc. 18 at 3]. The Commissioner explains that at step five, the ALJ observed that the grids would direct a finding of "not disabled" if the Plaintiff could perform a full range of light work. [Id.]. However, because the ALJ found that additional limitations impeded the Plaintiff's ability to perform light work, the Commissioner argues that the ALJ properly employed testimony from a vocational expert to establish the

6

existence of jobs. [Id. at 4-5]. The Commissioner also points out that the Plaintiff ignores other limitations, such as her restrictions for lifting, carrying, pushing, or pulling which exceed the exertional demands for sedentary work, and that an inability to stand or walk no more than two hours in an eight-hour workday does not necessarily conflict with the requirements of light work. [Id. at 5-6].

V.    ANALYSIS

As discussed above, at step five of the sequential evaluation, the Commissioner has the burden of proving that other work exists in the national economy that the claimant can perform given the claimant's RFC and vocational factors, including age, education, and work skills. Walters, 127 F.3d at 529 (citing 20 C.F.R. § 404.1520). In many cases, the Commissioner may meet her burden by applying the applicable grid rule, which based upon the claimant's age, education, and whether she has transferable job skills, will indicate a finding of "disabled" or "not disabled." Id. (citing Wright v. Massanari, 321 F.3d 611, 615 (6th Cir. 2003); Burton v. Sec'y of Health & Human Servs., 893 F.2d 821, 822 (6th Cir. 1990). Essentially, the grids allow an ALJ to take administrative notice that jobs are available in the national economy in which a claimant is capable of performing without having to consult additional evidence. See Kirk, 667 F.2d at 529. However, if a claimant suffers from non-exertional limitations or cannot perform substantially all of the exertional demands of a job at a given exertional level, the grids only provide a framework for the Commissioner's decision, and the Commissioner must utilize other evidence, such as testimony from a vocational expert, to determine whether work exists in the nationally economy the claimant can perform. Walters, 127 F.3d at 529 (citing Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 537-38 (6th Cir. 2001); Cline v. Comm'r of Soc. Sec., 96

7

F.3d 146, 150 (6th Cir. 1996)).

During the administrative hearing, a vocational expert provided testimony in response to several hypothetical questions posed by the ALJ. Of relevance, the ALJ asked the vocational expert to assume that a hypothetical individual with the same age, education, and prior work experience as the Plaintiff could lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently with the exception of frequent left lower extremity pushing and pulling, sit for six hours and stand or walk for two hours in an eight-hour workday with normal breaks, never climb ladders, ropes, or scaffolds, occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, and could tolerate occasional exposure to extreme cold and heat but must avoid moderate exposure to hazards. [Tr. 44-45]. Based upon these restrictions, the vocational expert testified that work existed in the economy for the hypothetical individual, including sewing machine operator, cashier II, and a range of assembly occupations such as a bench assembler or seated assembler, all of which were classified as light, unskilled jobs by the vocational expert. [Tr. 45]. The vocational expert also testified to the number of jobs available in the national economy for each position and confirmed that her testimony was consistent with the Dictionary of Occupational Titles. [Tr. 45-46].

In the disability determination, the ALJ found that the Plaintiff had the foregoing RFC and concluded at step five that work existed in the national economy that the Plaintiff could perform. [Tr. 21-22]. In regard to the ALJ's step five finding, the ALJ stated the following:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.17. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, I asked the vocational

8

> expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as sewing machine operator with 83,000 jobs nationally; cashier II with 110,000 jobs nationally; and seated assembler with 20,00 jobs nationally.

[Id.].

The Court disagrees with the Plaintiff's contention that "the ability to stand/walk 2 hours out of 8 describes a maximum RFC for 'sedentary work.'" [Doc. 15 at 3]. First, the Court finds that the Plaintiff's two hour standing and walking restriction is not necessarily inconsistent with the regulation's definition of light wok. "Light work" is defined as lifting no more than 20 pounds frequently or carrying up to 10 pounds and "requires a good deal of walking or standing, *or when it involves sitting most of the time with some pushing and pulling of arm or leg controls*." 20 C.F.R. § 416.967(b) (emphasis added). Social Security Ruling 83-10 further explains that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," but "[a] job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls." 1983 WL 31251, at *5-6 (Jan. 1, 1983). "Sedentary work," by contrast, is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools" and involves sitting with a certain amount of walking or standing as necessary. 20 C.F.R. § 416.967(a). Specifically, sedentary work requires standing or walking no more than two hours in an eight-hour workday and sitting the reaming six hours of the workday. Soc. Sec. Rul. 83-10, 1983 WL 31251 at *5. The primary distinction between sedentary and most light work is that "a job is in [light work] category when it requires a good

9

deal of walking or standing." Id.

While the Plaintiff argues [Doc. 15 at 4] that her RFC does not comport with the most essential difference between light and sedentary work—that is, the ability to stand and walk for prolonged periods—the Plaintiff ignores that light work, by definition, may also be done by primarily sitting with some pushing and pulling of arm-hand or leg-foot controls. The Plaintiff does not contend that any other restriction within her RFC, namely her ability to lift, carry, push, or pull, falls outside the requirements of light work or could not be performed from a seated position. Therefore, while the Plaintiff would certainly be precluded from performing light jobs that required a "great deal or standing or walking," the Plaintiff's standing and walking restriction does not preclude her from performing all jobs that fall within the light work category. See e.g., Knowles v. Colvin, No. 1:12–CV–371, 2014 WL 1153063, at *7 (S.D. Miss. Mar. 21, 2014) (affirming the ALJ's decision that the claimant could perform light work although the RFC determination limited the claimant to standing and walking up to two ours in an eight-hour workday); Hence v. Astrue, No. 4:12CV1, 2012 WL 6691573, at *8 (E.D. Va. Nov. 30, 2012) adopted by No. 4:12CV1, 2012 WL 6697109 (E.D. Va. Dec. 21, 2012) ("[A]n RFC limiting standing or walking to about two hours does not mandate a finding that [a claimant] could only perform sedentary work.").

Second, the ALJ did not conclude that the Plaintiff could perform a *full* range of light work. The ALJ specifically observed that the Plaintiff's "ability to perform all or substantially all of the requirements of [a full range of light work] has been impeded by additional limitations." [Tr. 21]. As such, and contrary to what the Plaintiff seems to suggest, the ALJ did not rely exclusively on the grids to make a finding of "not disabled." Rather, the ALJ properly recognized that the grids could only serve as a framework for decisionmaking due to additional

10

limitations that impeded the Plaintiff's ability to perform a full range of light work. [Id.]. Consequently, the ALJ employed vocational expert testimony and relied on that testimony to determine that jobs existed that the Plaintiff could perform given her RFC. [Id.]. The vocational expert positively testified that even with the Plaintiff's two hour standing and walking restriction, she could still perform light, unskilled jobs including sewing machine operator, cashier II, and seated assembler occupations. [Tr. 44-46]. The Plaintiff does not contend that her RFC precludes her from performing any of the jobs identified by the vocational expert. Because the hypothetical properly represented all of the Plaintiff's limitations, vocational expert testimony provided substantial evidence that the Plaintiff could perform a reduced range of light work despite her standing and walking restriction. See Hensley v. Colvin, No. 5:13-CV-27810, 2015 WL 566626, at *17-18 (S.D. W. Va. Feb. 10, 2015) (finding that the claimant's restriction to standing and walking no more than two hours in an eight-hour workday did not conflict with a limited range of light work where vocational expert testified to jobs at the light exertional level); Lewis v. Astrue, No. 2:10-CV-139, 2011 WL 4356235, at *4 (E.D. Tenn. May 11, 2011) adopted by No. 2:10-CV-139, 2011 WL 4356211, at *1 (E.D. Tenn. Sept. 16, 2011) (holding same); see also Smith v. Halter, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

The Plaintiff relies on Campbell v. Astrue, No. CIV.A. 09-5356, 2010 WL 4689521, at *4-5 (E.D. Pa. Nov. 2, 2010), to support her position. [Doc. 15 at 5]. In Campbell, the court found problematic the ALJ's finding that the claimant's RFC allowed for a "narrowed range of light work" where she was limited to no more than one to two hours of standing or walking in an

11

eight-hour workday. Id. at *5. However, this Court finds the Campbell decision unpersuasive for several reasons.

First, in Campbell, the court took issue with the ALJ's characterization of the claimant's exertional capabilities as falling into the range of "light work" when the ALJ questioned the vocational expert. Id. at *5 n.5. Here, the ALJ did not express the Plaintiff's "RFC as falling at the 'light' level" when he presented the hypothetical question to the vocational expert. See id. Instead, and in accordance with Social Security Ruling 96-8p, the hypothetical consisted of the Plaintiff's function-by-function abilities. [Tr. 44-46]. Based upon those abilities, the vocational expert testified as to the jobs available that the Plaintiff could perform, qualifying the exertional level for each job identified. [Id.].

Second, while Campbell recognized that jobs in the light category could include sitting jobs that require pushing or pulling of arm or leg controls, the court found this exception was not applicable to the case. No. CIV.A. 09-5356, 2010 WL 4689521, at *5. Therefore, the court had no occasion to consider whether the claimant's RFC allowed him to perform seated jobs, which is the inverse of the facts presented in the case presently before this Court.

Finally, the Campbell court failed to appreciate that 20 C.F.R. § 416.967(b) and Social Security Ruling 83-10 "provide requirements for a full range of light work, not a limited range of light work." See Ambrose v. Colvin, No. 3:14-CV-1618, 2015 WL 877790, at *15 (M.D. Pa. Mar. 2, 2015) (rejecting Campbell's decision and finding that substantial evidence supported the ALJ's determination that the Plaintiff could perform a reduced range of light work even though the claimant was restricted to occasional walking and standing, *i.e.*, up to 1/3 of an eight-hour workday, because "the ALJ appropriately consulted the VE in accordance with SSR 83–12, and included all of the RFC limitations in his hypothetical"). In the present matter, the ALJ

12

recognized that the Plaintiff had additional limitations that impeded her ability to perform a full range of light work. Consistent with Social Security Ruling 83-12, which instructs adjudicators to employ vocational expert testimony where "more difficult judgments are involved" due to a claimant's exertional limitations falling somewhere "'in the middle' in terms of the regulatory criteria for exertional ranges of work," 1983 WL 31253, at *3 (Jan. 1, 1983), the ALJ consulted a vocational expert, provided the vocational expert a function-by-function assessment of the Plaintiff's abilities, and based upon those abilities, the vocational expert opined that jobs existed within the area of light, unskilled work that accommodated the Plaintiff's RFC.

Accordingly, because the Plaintiff's ability to walk and stand for two hours in an eight-hour workday does not conflict with a reduced range of light work, and is supported by the vocational expert's testimony, the Court finds that the ALJ did not err at step five. Therefore, the Plaintiff's allegation of error is not well-taken.

## VI. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment [**Doc. 14**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 17**] be **GRANTED**. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY,

*/s/ Bruce Guyton*
United States Magistrate Judge